1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  Thomas E. Wheeler (SBN 308789)
4  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St. Suite 780,
5  Woodland Hills, CA 91367
6  Phone: 877-206-4741
   Fax: 866-633-0228
7  tfriedman@attorneysforconsumers.com
8  abacon@attorneysforconsumers.com
   mgeorge@toddflaw.com
9  twheeler@toddflaw.com
10 *Attorneys for Plaintiff*

11

12 **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF CALIFORNIA**
13

14 CANDIE WHITE, individually and on ) Case No.
   behalf of all others similarly situated, )
15                                        )
                                          ) **CLASS ACTION**
16 Plaintiff,                             )
                                          )
17                                        ) **COMPLAINT FOR VIOLATIONS**
        vs.                               ) **OF:**
18                                        )
19 FIRST STEP GROUP LLC, DOES 1-          )   1.   FAIR DEBT COLLECTION
   10, AND EACH OF THEM,                  )        Fair Debt Collection
20                                        )        Practices    Act, 15 U.S.C. §
                                          )        1692, *et seq.*.]
21 Defendant (s).                         )   2.   VIOLATIONS OF THE
                                          )        ROSENTHAL FAIR DEBT
22                                        )        COLLECTION PRACTICES
                                          )        ACT [CAL. CIV. CODE
23                                        )        §1788 ET SEQ.]
24                                        )
                                          ) **DEMAND FOR JURY TRIAL**
25                                        )
                                          )
26                                        )

27      Plaintiff CANDIE WHITE ("Plaintiff"), individually and on behalf of all

28 others similarly situated, alleges the following against Defendant FIRST STEP

---

**CLASS ACTION COMPLAINT**
**-1-**

GROUP LLC upon information and belief based upon personal knowledge:

## INTRODUCTION

1.    Plaintiff's Class Action Complaint is brought pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.    Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in seeking to collect a time-barred debt and illegal amount of interest, thereby violating the FDCPA and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. C. § 1788 et. seq. ("RFDCPA").  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3.    The FDCPA and RFDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

4.    Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claim arises out of a federal law, in particular the Fair Debt Collection Practices.  The Court additionally has supplemental jurisdiction over the RFDCPA claim pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in the United States District Court for the Eastern District of California pursuant to 18 U.S.C.  1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the State of California and Plaintiff resides within this District.

## PARTIES

6.    Plaintiff, CANDIE WHITE ("Plaintiff"), is a natural person residing in El Dorado County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.     At all relevant times herein, Defendant, FIRST STEP GROUP LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and Cal. Civ. C. § 1788.2(d).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and Cal. Civ. C. § 1788.2(c).

8.     Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.     On or around May 26, 2016, Defendant sent Plaintiff a debt collection letter in an effort to collect an alleged debt owed from Plaintiff.  Attached as Exhibit A is a redacted true and correct copy of this letter ("the Letter").

10.     In the letter, Defendant attempted to induce Plaintiff to make payments on a debt allegedly owed to Cach, LLC, originally from JP Morgan Chase/Washington Mutual/Providian Bank, and in the amount of $17,779.31.

11.     Defendant stated in the letter: "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NOT SUE YOU FOR IT, AND CACH, LLC WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY. WE ARE NOT A LAW FIRM AND WE CANNOT GIVE YOU LEGAL ADVICE. SHOULD YOU CHOOSE TO ACCEPT ONE OF THESE SETTLEMENTS, YOU MAY WISH TO CONSULT WITH AN ATTORNEY ABOUT THE CONSEQUENCES OF THE SETTLEMENT, IF ANY."

12.    Defendant's statement failed to disclose the age of the debt, that there is a four year statute of limitations on the debt, and that the debt was out of statute. More importantly, Defendant's statement failed to state that making a payment on the time-barred debt would revive the statute of limitations and permit Defendant to sue Plaintiff on the debt.

13.    In 2003, Providian Bank lent Plaintiff approximately $5,000, hereinafter "the Loan".

14.    The terms and conditions of the Loan agreed to between Plaintiff and Providian Bank do not expressly provide for interest greater than 10%, such that the Loan could not have resulted in the amount Defendant attempted to collect.

15.    Plaintiff made timely payments on the Loan until 2006, at which time, Washington Mutual purchased Providian Bank, which included the purchase of the debt Plaintiff owed subject to the terms and conditions agreed to between Plaintiff and Providian Bank.

16.    Washington Mutual claimed that they did not received payments from Plaintiff and began charging Plaintiff penalties and interest that were never part of the original agreement between Plaintiff and Providian Bank. According to Washington Mutual, Plaintiff's debt was about $8,000.

17.    In 2008, Washington Mutual went bankrupt, and all of the bank's assets, including the debt in question, were purchased by JP Morgan Chase.

18.    JP Morgan Chase subsequently sold the debt to Cach, LLC.

19.    On or around 2016, Cach, LLC retained Defendant for the purposes of collecting on the debt. By this time, the interest charged on the Loan from Providian Bank to Plaintiff of $5,000 increased the amount Defendant attempted to collect to over $17,000.

20.    At no point in time between, and including, Washington Mutual's acquisition of the loan and Cach, LLC's acquisition of the loan did Plaintiff agree

to interest and fees that could increase the debt from $5,000 to over $17,000.

21.    §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C.  §1692d, and §1692d(5).

22.    Defendant's conduct in attempting to improperly collect on a time-barred debt and an illegal interest thereof violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a) Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692(f));
b) Attempting to collect on a debt in an amount that is not authorized or permitted by law (15 U.S.C. § 1692(f));
c) Using misleading and deceptive practices in an attempt to collect a debt (15 U.S.C. § 1692(e)).

23.    Plaintiff alleges that it was Defendant's common practice and policy to send out form debt collection letters to consumers nationwide in its attempts to collect time-barred debts and to collect illegal fees and costs in excess of the maximum amount permitted under the law.

24.    As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

1

2

3

4

> All persons within the United States who received debt
> collection letters from Defendant in attempts to collect time-
> barred debts and/or collect on amounts not authorized by law
> within one year prior to the filing of this Complaint.

5

6

7

8

26.    Plaintiff additionally brings this action individually and on behalf of all others similarly situated, as a member of the proposed sub-class (hereafter "The Sub-Class," and collectively with the Class, "The Classes") defined as follows:

9

10

11

12

> All persons within California who received debt collection
> letters from Defendant in attempts to collect time-barred
> debts and/or collect on amounts not authorized by law within
> one year prior to the filing of this Complaint.

13

14

15

16

27.    Plaintiff represents, and is a member of The Class, consisting of All persons within the United States who received debt collection letters from Defendant in attempts to collect time-barred debts and/or collect on amounts not authorized by law within one year prior to the filing of this Complaint..

17

18

19

20

28.     Plaintiff represents, and is a member of The Sub-Class, consisting of All persons within California who received debt collection letters from Defendant in attempts to collect time-barred debts and/or collect on amounts not authorized by law within one year prior to the filing of this Complaint..

21

22

23

24

29.    Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

25

26

27

28

30.    The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that

The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

31.   Plaintiff and members of The Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally attempted to collect on a debt from Plaintiff and the Classes Members in violation of the FDCPA and RFDCPA by attempting to induce the Classes to make payments on time-barred debts in order to revive the statute of limitations and collect amounts not expressly authorized by contract or law.

32.   Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

      a.   Whether, within one year prior to the filing of this Complaint, Defendant sent any collection letters to a Class member that attempted to collect on a debt in an amount not authorized by law or contract and/or that was time-barred;

      b.   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

33.   Common questions of fact and law exist as to all members of The Sub-Class which predominate over any questions affecting only individual members of The Sub-Class.  These common legal and factual questions, which do not vary between Sub-Class members, and which may be determined without reference to the individual circumstances of any Sub-Class members, include, but are not limited to, the following:

      a.   Whether, within the one year prior to the filing of this

Complaint, Defendant sent any collection letters to a Sub-Class member that attempted to collect on a debt in an amount not authorized by law or contract and/or that was time-barred;

      b.     Whether Plaintiff and the Sub-Class members were damaged thereby, and the extent of damages for such violation; and

      c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

34.     As a person that received a debt collection letter from Defendant that attempted to induce Plaintiff into making payment on a time-barred debt by failing to properly disclose the consequences of payment and attempting to induce Plaintiff into making payment on a debt, and by attempting to collect an amount not authorized by contract or law, , Plaintiff is asserting claims that are typical of The Classes.

35.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

36.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

37.     The prosecution of separate actions by individual Classes members

1  would create a risk of adjudications with respect to them that would, as a practical

2  matter, be dispositive of the interests of the other Classes members not parties to

3  such adjudications or that would substantially impair or impede the ability of such

4  non-party Classes members to protect their interests.

5     38.    Defendant has acted or refused to act in respects generally applicable

6  to The Classes, thereby making appropriate final and injunctive relief with regard

7  to the members of The Classes as a whole.

8  ## FIRST CAUSE OF ACTION

9  ### Violations of the Federal Fair Debt Collection Practices Act

10  ### 15 U.S.C. § 1692 et seq.

11  ### (Plaintiff and the Class)

12     39.    Plaintiff repeats and reincorporates by reference into this cause of

13  action allegations set forth above at paragraphs 1-38.

14     40.    To the extent that Defendant's actions, counted above, violated the

15  FDCPA, those actions were done knowingly and willfully.

16     41.    Pursuant to 15 U.S.C. § 1692k, Plaintiff seeks up to $1,000 for

17  himself and each Member of the Class for each violation of the federal Fair Debt

18  Collection Practices Act.

19  ## PRAYER FOR RELIEF

20     Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the

21  Class members the following relief against Defendant:

22     a.  That this action be certified as a class action on behalf of The Class

23         and Plaintiff be appointed as the representative of The Class;

24     b.  For statutory damages of $1,000.00 for Plaintiff and each member of

25         The Class pursuant to 15 U.S.C. §1692k(a)(1)

26     c.  For actual damages according to proof;

27     d.  For reasonable attorneys' fees and costs of suit;

28     e.  For prejudgment interest at the legal rate; and

f.  For such further relief as this Court deems necessary, just, and proper.

## SECOND CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code § 1788 et seq.

### (Plaintiff and the Sub-Class)

42.  Plaintiff repeats and reincorporates by reference into this cause of action allegations set forth above at paragraphs 1-38.

43.  To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

44.  Pursuant to Cal. Civ. Code §1788.30, Plaintiff seeks $1,000 in statutory damages for himself and each Member of the Sub-Class for each violation of the RFDCPA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a.  That this action be certified as a class action on behalf of The Sub-Class and Plaintiff be appointed as the representative of The Sub-Class;

b.  For statutory damages of $1,000.00 for Plaintiff and each member of The Sub-Class pursuant to *Cal. Civ. Code* §1788.30;

c.  For actual damages according to proof;

d.  For reasonable attorneys' fees and costs of suit;

e.  For prejudgment interest at the legal rate; and

f.  For such further relief as this Court deems necessary, just, and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

1

2      Respectfully submitted this 12th Day of October, 2016.

3                              LAW OFFICES OF TODD M. FRIEDMAN, P.C.

4

5                          By:    /s/ Todd M. Friedman
                                  Todd M. Friedman
6                                 Law Offices of Todd M. Friedman
                                  Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A
Redacted Collection Letter From Defendant To Plaintiff

# FIRST STEP GROUP

DELIVERING THE

First Step Group, LLC
6300 Shingle Creek Parkway
Suite 220
Brooklyn Center, MN 55430
P: 844-815-5634
F: 763-503-6724
www.FirstStep-Group.com

May 26, 2016

CANDIE L WHITE
███████████
███████████

100891
6204

100891



RE:    Current Creditor:    CACH, LLC
        Account No.:    ███████████
        Original Creditor:    WAMU/PROVIDIAN BANK
        Current Balance:    $17,779.31

Dear Candie L White,

Your account has been placed with our office for collection. We have been authorized to settle your outstanding obligation for substantially less than the current balanced owed, or set up a payment arrangement that best fits your financial situation.

The offers below explain how you can get up to a 65% reduction off your current balance or set up monthly payments. We are not obligated to renew these offers.

| | |
|---|---|
| **OPTION 1** | Pay within the next 30 days for a **65% reduction** off your current balance |
| **OPTION 2** | Pay within the next 180 days for a **50% reduction** off your current balance |
| **OPTION 3** | Contact us to set up monthly payments to pay the current balance in full over time. |

Please contact our office today at 1 (844) 815-5634 to take advantage of one of these offers.

THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NOT SUE YOU FOR IT, AND CACH, LLC WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY. WE ARE NOT A LAW FIRM AND WE CANNOT GIVE YOU LEGAL ADVICE. SHOULD YOU CHOOSE TO ACCEPT ONE OF THESE SETTLEMENTS, YOU MAY WISH TO CONSULT WITH AN ATTORNEY ABOUT THE CONSEQUENCES OF THE SETTLEMENT, IF ANY.

Sincerely,

First Step Group, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**CALLS TO AND FROM FIRST STEP GROUP, LLC MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

**IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE.**

CD-1619127D

00023549

6204.164663



We are required under state and/or federal law(s) to notify consumers of certain rights. This list does not include a complete list of rights you may have under state or federal laws or regulations. Federal Law or other state laws may also provide you with similar or even greater rights.

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted by the creditor to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado Residents:** Colorado Office Location: 27 North Willerup, Suite B, Montrose, CO 81401. Phone: Local Phone: 970-249-7514 Toll-free Phone: 855-666-9147.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Massachusetts Residents:** Massachusetts Office Location: 5230 Washington St., West Roxbury, MA 02132. Phone: 855-666-9147. Business hours: Monday-Thursday from 7AM-5PM CST, and Friday From 7AM-6PM CST.

Massachusetts law requires that we inform you:

<u>NOTICE OF IMPORTANT RIGHTS for Massachusetts Residents</u>
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

However, please be advised that we will honor an oral request that telephone calls not be made to your place of employment without written confirmation of the request.

**Minnesota Residents:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**New York City Residents:** This collection agency is licensed by the New York City Department of Consumer Affairs. This license is 2004849-DCA.

**North Carolina Residents:** North Carolina Department of Insurance permit number: 112024

**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

00023550